0E535 - C72

## STATE OF OHIO
## IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY
## CIVIL DIVISION

| | |
|---|---|
| **KENNETH W. JOHANSEN**<br>5202 Avery Oak Dr.<br>Dublin, OH 43017<br><br>　　　　Plaintiff,<br><br>v.<br><br>**HEALTH INSURANCE INNOVATIONS**<br>15438 N. Florida Avenue Suite 201<br>Tampa, FL 33613<br><br>　　　　Defendant. | Case No.<br><br>Hon. |

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
　　*Attorney for Ken Johansen*

## PLAINTIFF'S COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

NOW COMES Kenneth Johansen (Plaintiff), by and through the undersigned attorney, and hereby propound upon Health Insurance Innovations (Defendant) ("HII") and this Honorable Court Plaintiff's Complaint.

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. §

1

EXHIBIT 1

1345.01 et seq. ("CSPA"), and the Telephone Solicitation Sales Act, R.C § 4719.01 et seq ("TSSA").

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Franklin County, State of Ohio.

3. Defendant is a corporate entity existing by and through the laws of the State of Delaware, which does business in the State of Ohio. Defendant does business as Health Insurance Innovations, which is headquartered in Florida with extensive operations in Ohio. Additionally, defendant is a "telephone solicitor" as defined by R.C § 4719.01(A)(8) and regularly engages in "telephone solicitations" as defined by R.C § 4719.01(A)(7). Additionally, Defendant is a "supplier" has defined by R.C § 1345.01(C) and advertises the availability of health insurance policies which it offers for sale to consumers in Ohio.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 15 U.S.C. § 1692 and R.C. § 2305.01.

5. This Court personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant directed telecommunication solicitations to Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

2

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 21 3:12 PM-19CV006755
0E535 - C74
Case: 2:19-cv-01067-MHW-CMV Doc #: 2 Filed: 03/21/19 Page: 18 of 19 PAGEID #: 46

6. Venue is proper with this Court because Plaintiff resides in Franklin County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant contacted Plaintiff repeatedly from October 2015 to October 2018.

8. Defendant contacted Plaintiff at least 11 times on his cellular phone ending in 1022.

9. Defendant also contacted Plaintiff at least 2 times on his residential telephone ending in 1037.

10. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); number ending in 1037.

11. Plaintiff's residential phone number has been listed on the National Do Not Call List ("DNC") at all relevant times.

12. Plaintiff maintains at all times relevant to this complaint a cellular telephone line within the meaning of the TCPA 47 U.S.C. § 227(b)(1)(B); number ending in 1022.

13. Plaintiff's cellular telephone has been listed on the DNC list at all relevant times.

14. When calling the Defendant sold Plaintiff services and then sent confirmatory emails from Defendant's email address which were from the Defendant corporation or his agents, and contains proposed contracts and agreements for Defendant's services/products.

15. Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his cellular phone. This was evidenced by the fact that some calls were recordings and others had a perceptible delay while the ATDS was connecting the agent of the Defendant to the call.

0E535 - C75
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Feb 18 3:17 PM-19CV001465
Case: 2:19-cv-01067-MHW-KAJ Doc #: 2 Filed: 03/25/19 Page: 14 of 19 PAGEID #: 465

16. Plaintiff has never done business with Defendant nor has Plaintiff ever requested contact by Defendant.

17. Defendant lacks express prior written consent to contact Plaintiff with an ATDS to deliver recorded messages.

18. Defendant lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose, and lacks such consent to deliver recorded messages by any means.

19. Defendant made a total of at least 11 calls to Plaintiff's cellular phone throughout 2017 and 2018.

20. Upon information and belief, Defendant lacks policies and procedures to comply with the TCPA and has no policies in place to comply with the National Do Not Call Registry.

21. Upon information and belief, Defendant lacks a certificate of registration with the Ohio Attorney General's office to engage in tele-solicitation within Ohio.

22. Upon information and belief, Defendant has failed to post a solicitor's surety bond to tele-solicit within Ohio.

23. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

24. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

4

25. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

26. Defendant placed calls to Plaintiff's telephones using an automated telephone dialing system and a pre-recorded not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

27. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(1)(A)(iii) and (3); 47 CFR 64.1200(d)(6).

28. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone numbers being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

29. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone numbers being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Defendant failed to record the previous Do Not Call requests and does not appear to have any policy in place to comply with DNC requests.

30. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's telephone numbers being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's

5

0E535 - C77
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Feb 18 3:17 PM-19CV001465
Case: 2:19-cv-01067-MHW-KAJ Doc #: 2 Filed: 03/21/19 Page: 6 of 9 PAGEID #: 46

agents. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

31. Defendant violated the TCPA when Defendant called Plaintiff's telephones and violated provisions of the TCPA during said telephone calls.

32. Defendant negligently violated the TCPA in relation to Plaintiff.

33. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

34. In the alternative to the scienter of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see Charvat v. Ryan, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

35. Defendant's violations consisted of at least 13 phone calls with each call violating (b) and (c) of the TCPA.

36. Defendant committed twenty-six (26) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

38. Defendant is a "person" as defined by R.C. § 1345.01(B).

39. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Aug 21 3:19 PM-19CV006459
0E535 - C78
Case: 2:19-cv-01067-MHW-CMV Doc #: 2 Filed: 03/21/19 Page: 13 of 19 PAGEID #: 46

40. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

41. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendant attempted to sell services/goods in Ohio by violating the TCPA. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

42. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

43. Defendant additionally violated the CSPA by attempting to sell Plaintiff health insurance despite the fact that Plaintiff is over 66 years old and is covered by Medicare. Even a "soft pull" of Plaintiff's credit would likely have revealed his date of birth.

44. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

45. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

46. Defendant committed at least thirty-nine (39) violations of Count II of Plaintiff's Complaint. Defendant violated the CSPA 26 times by violating the TCPA and rules and regulations promulgated thereunder which are per se CSPA violations and 13 TSSA

Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Feb 18 3:17 PM-19CV001420
0E535 - C79
Case: 2:19-cv-01067-MHW-KAJ Doc #: 2 Filed: 03/21/19 Page: 8 of 9 PAGEID #: 20

violations for failing to post a solicitor's surety bond with the Ohio Attorney General prior to engaging in tele-solicitations.

## COUNT III
## STATUTORY VIOLATIONS OF THE TSSA

47. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

48. The TSSA is a state statute that was enacted to regulate telephone solicitations and to protect Ohio residents against illicit, deceptive, or otherwise exploitative telemarketing.

49. Defendant is a "Telephone Solicitor(s)" as defined by R.C. § 4719.01(A)(8).

50. Plaintiff is a "Purchaser" as defined by R.C. § 4719.01(A)(5).

51. Defendant engaged in "Telephone Solicitation" with Plaintiff as defined by R.C. § 4719.01(A)(7).

52. Upon information and belief, the Defendant has not posted a solicitor's surety bond with the Ohio Attorney General's Office.

53. Defendant committed at least thirteen (13) violations of the TSSA. Defendants failed to post a surety bond to tele-market to Ohio consumers.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

54. Enter judgment against Defendant in Plaintiff's favor in an amount of money that exceeds fifty thousand dollars ($50,000.00) for general damages, statutory damages, treble damages, and the award of mandatory court costs (as provided by R.C. 4719.15(b), not

8

inclusive of reasonable attorney's fees to be determined. Plaintiff will seek an award of reasonable attorney's fees pursuant to R.C. § 1345.09(F).

55. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

/s/ BRYAN ANTHONY REO
Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Ken Johansen*

**JURY DEMAND ENDORSED HEREON**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.