IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

KENNETH W. JOHANSEN,

    Plaintiff,

v.

HEALTH INSURANCE INNOVATIONS,

    Defendant.
                                      /

Case No. 2:19-cv-01067-MHW-KAJ

District Judge Watson

Magistrate Judge Jolson

## DEFENDANT HEALTH INSURANCE INNOVATIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

In accordance with Federal Rules of Civil Procedure 8 and 12, Defendant Health Insurance Innovations ("Defendant"),[1] by and through undersigned counsel, hereby answers and asserts affirmative defenses to Plaintiff Kenneth W. Johansen's ("Plaintiff") Complaint (the "Complaint").

### I. INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the Consumer Sales Practices Act, R.C. § 1345.01 et seq. ("CSPA"), and the Telephone Solicitation Sales Act, R.C. § 4719.01 et seq. ("TSSA"), but denies any remaining averments or implications contained in Paragraph 1 of the Complaint.

---

[1] Defendant notes that it is unclear whether Plaintiff intended to sue Health Insurance Innovations, Inc. or Health Insurance Innovations, which is a fictitious name for Health Plan Intermediaries Holdings, LLC pursuant to the Name Registration filed with the State of Ohio on November 24, 2015. This Complaint is filed on behalf of Defendant Health Insurance Innovations, Inc.

## II. PARTIES

2. Defendant lacks knowledge of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Defendant admits that it is a Delaware corporation headquartered in Florida. The remainder of the allegations in Paragraph 3 of the Complaint call for legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

## III. JURISDICTION AND VENUE

4. In response to the allegations in Paragraph 4 of the Complaint, Defendant admits only that this Court has subject-matter jurisdiction given the allegations of the Complaint. Defendant denies that it engaged in any wrongdoing as alleged in the Complaint.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendant admits only that this Court has personal jurisdiction given the allegations of the Complaint. Defendant denies that it engaged in any wrongdoing as alleged in this Complaint. Defendant also specifically denies that it directed telecommunications solicitations to Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in Ohio.

6. In response to the allegations in Paragraph 6 of the Complaint, Defendant only admits that venue is proper in this Court given the allegations of the Complaint. Defendant denies that it engaged in any wrongdoing as alleged in this Complaint.

## IV. STATEMENT OF FACTS

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge of the allegations in Paragraph 10 of the Complaint and therefore denies them. Additionally, to the extent the allegations in Paragraph 10 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

11. Defendant lacks knowledge of the allegations in Paragraph 11 of the Complaint and therefore denies them. Additionally, to the extent the allegations in Paragraph 11 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

12. Defendant lacks knowledge of the allegations in Paragraph 12 of the Complaint and therefore denies them. Additionally, to the extent the allegations in Paragraph 12 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

13. Defendant lacks knowledge of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint. Additionally, to the extent the allegations in Paragraph 15 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant lacks knowledge of the allegations in Paragraph 17 of the Complaint and therefore denies them. Additionally, to the extent the allegations in Paragraph 17 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

18. Defendant lacks knowledge of the allegations in Paragraph 18 of the Complaint and therefore denies them. Additionally, to the extent the allegations in Paragraph 18 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint. Additionally, to the extent the allegations in Paragraph 20 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

21. In response to Paragraph 21 of the Complaint, Defendant states that it lacks a certificate of registration for tele-solication under the Telephone Solicitation Sales Act because it is not required to have such a registration under Ohio law.

22. In response to Paragraph 22 of the Complaint, Defendant states that it has not posted a solicitor's surety bond because it is not required to do so under Ohio law.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

24. Defendant repeats and incorporates herein its responses to the allegations set forth in paragraphs 1–24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, The allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

26. Defendant denies the allegations in Paragraph 26 of the Complaint. Additionally, to the extent the allegations in Paragraph 26 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

27. In response to Paragraph 27 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

28. Defendant denies the allegations in Paragraph 28 of the Complaint. Additionally, to the extent the allegations in Paragraph 28 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

29. Defendant denies the allegations in Paragraph 29 of the Complaint. Additionally, to the extent the allegations in Paragraph 29 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

30. Defendant denies the allegations in Paragraph 30 of the Complaint. Additionally, to the extent the allegations in Paragraph 30 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

31. Defendant denies the allegations in Paragraph 31 of the Complaint. Additionally, to the extent the allegations in Paragraph 31 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

32. Defendant denies the allegations in Paragraph 32 of the Complaint. Additionally, to the extent the allegations in Paragraph 32 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

33. Defendant denies the allegations in Paragraph 33 of the Complaint. Additionally, to the extent the allegations in Paragraph 33 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

34. Defendant denies the allegations in Paragraph 34 of the Complaint. Additionally, to the extent the allegations in Paragraph 34 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

35. Defendant denies the allegations in Paragraph 35 of the Complaint. Additionally, to the extent the allegations in Paragraph 35 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

36. Defendant denies the allegations in Paragraph 36 of the Complaint. Additionally, to the extent the allegations in Paragraph 36 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

COUNT II
STATUTORY VIOLATIONS OF THE CSPA

37. Defendant repeats and incorporates herein its responses to the allegations set forth in paragraphs 1–36 of the Complaint.

38. In response to Paragraph 38 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

39. In response to Paragraph 39 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

40. In response to Paragraph 40 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

41. In response to Paragraph 41 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

42. Defendant denies the allegations in Paragraph 42 of the Complaint. Additionally, to the extent the allegations in Paragraph 42 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

43. Defendant denies the allegations in Paragraph 43 of the Complaint. Additionally, to the extent the allegations in Paragraph 43 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

44. Defendant denies the allegations in Paragraph 44 of the Complaint. Additionally, to the extent the allegations in Paragraph 44 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

45. Defendant denies the allegations in Paragraph 45 of the Complaint. Additionally, to the extent the allegations in Paragraph 45 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

46. Defendant denies the allegations in Paragraph 46 of the Complaint. Additionally, to the extent the allegations in Paragraph 46 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

## COUNT III
## STATUTORY VIOLATIONS OF THE TSSA

47. Defendant repeats and incorporates herein its responses to the allegations set forth in paragraphs 1–46 of the Complaint.

48. In response to Paragraph 48 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

49. In response to Paragraph 49 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

50. In response to Paragraph 50 of the Complaint, the allegations in this paragraph contain solely legal conclusions or recitations of law, which are not entitled to the presumption of truth. If a response is required, Defendant denies the allegations.

51. Defendant denies the allegations in Paragraph 51 of the Complaint. Additionally, to the extent the allegations in Paragraph 51 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

52. Defendant admits that it has not posted a solicitor's surety bond because it is not required to do so under Ohio law. Additionally, to the extent the allegations in Paragraph 52 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

53. Defendant denies the allegations in Paragraph 53 of the Complaint. Additionally, to the extent the allegations in Paragraph 53 of the Complaint call for a legal conclusion, Defendant states that no response is required. To the extent a response is required, Defendant denies the same.

## VI. PRAYER FOR RELIEF

54. Defendant denies all the allegations in Paragraphs 54 and 55 of the Complaint.

55. Defendant denies each allegation of the Complaint that are not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

56. Plaintiff's claims are barred because any call alleged to have violated the TCPA occurred with prior express consent.

57. Plaintiff's claims are barred because Defendant had a good-faith belief that any call alleged to have violated the TCPA occurred with prior express consent.

58. Plaintiff's claims are barred or should be reduced to the extent that, as applied, the statutory damages of the TCPA violate the Due Process Clause of the Fifth or Fourteenth Amendments to the U.S. Constitution.

59. Plaintiff's claims are barred to the extent that they are untimely under any applicable statute of limitations.

60. Plaintiff's claims are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent TCPA violations.

61. Plaintiff's claims are barred because any calls alleged to have been made would qualify for an exemption under the TSSA.

62. Plaintiff's claims are barred from being asserted in this Court to the extent that they are subject to any dispute-resolution procedure, including any arbitration clause.

63. Plaintiff's claims are barred against Defendant because Defendant did not commit the allegations in the Complaint; the alleged acts and any damage to Plaintiff were legally caused by Plaintiff himself or by some third person or entity.

64. Plaintiff failed to mitigate his damages.

Respectfully submitted,

/s/ Dan L. Cvetanovich
Dan L. Cvetanovich (0021980)
Trial Attorney for Defendant
Telephone No.: (614) 229-3291
E-Mail: DCvetanovich@baileycav.com
10 West Broad Street, Suite 2100
Columbus, Ohio 43215-3422
Telephone: (614) 221-3155
Facsimile: (614) 221-0479

Of Counsel:

Jolene S. Griffith (0084940)
Telephone No.: (614) 229-3303
E-Mail: JGriffith@baileycav.com
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
Telephone: (614) 221-3155
Facsimile: (614) 221-0479

Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215
Telephone: (614) 221-3155
Facsimile: (614) 221-0479

Cory W. Eichhorn (*pro hac vice* motion to be filed)
Florida Bar No. 576761
Holland & Knight LLP
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7576
Email: Cory.Eichhorn@hklaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that the foregoing Defendant Health Insurance Innovations, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint was filed with the Court via the Court's CM/ECF system and that it was served upon Plaintiff by sending a copy of it to Plaintiff's attorney, Bryan Anthony Reo, Reo Law LLC, P.O. Box 5100, Mentor, Ohio 44061, by first-class, United States mail, postage pre-paid, this 18th day of April 2019.

                                        /s/ Dan L. Cvetanovich
                                        Dan L. Cvetanovich (0021980)

#1678367